# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACEY WOLKING and DARYL WOLKING, W/H | : |
| Plaintiffs, | : Civil Action # 3:23-cv-00806-MEM |
| vs. | : |
| HENRY LINDNER, M.D., AND YOUNGS APOTHECARY, INC. D/B/A TUNKHANNOCK COMPOUNDING CENTER | : JURY TRIAL DEMANDED |
| Defendants. | : |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DEFENDANT HENRY LINDNER, M.D.'S ANSWERS TO INTERROGATORIES AND REQUEST FOR PRODUCTION OF <u>DOCUMENTS DATED AUGUST 3, 2023</u>**

## I.      STATEMENT OF THE FACTS

This is a medical malpractice/personal case injury arising from the reckless and negligent treatment by Defendant Henry Lindner, M.D. of Plaintiff Stacey Wolking, causing severe and permanent injuries.  <u>See</u> Complaint, attached hereto as **Exhibit A**.

The final fact discovery deadline in this case is February 2, 2024. <u>See</u> Case Management Order attached hereto as **Exhibit B**.   Following Rule 26 Disclosures, on August 3, 2023, Plaintiffs served Defendant with Interrogatories and Requests for Production of Documents.   <u>See</u> Discovery Requests and Correspondence,

2

attached hereto as **Exhibit C**.  As required, counsel for Plaintiffs has asked counsel for Defendant to answer these discovery requests, by email on October 3, 2023, and October 13, 2023.  Still, more than two months after these discovery requests were served, no answers to Interrogatories and Requests for Production of Documents have been received.

## II.   QUESTION PRESENTED

Should Defendant Henry Lindner, M.D. be compelled to answer Plaintiffs Interrogatories and Request for Production of Documents dated August 3, 2023 within the next five (5) days?

Suggested Answer:   Yes.

## III.   LEGAL ARGUMENT

Despite Plaintiffs' multiple attempts to obtain discovery from Defendant Lindner, he has failed to answer Plaintiffs' discovery requests within the time allowed by the Federal Rules.  When one party serves another with document requests and interrogatories and receives no response, Federal Rule of Civil Procedure 37 allows the requesting party to file a motion to compel.  Fed. R. Civ. P. 37(a)(3)(B)(iii-iv).  "The burden then shifts to the party resisting discovery, who must demonstrate with specificity why a discovery request is improper, and not by merely reciting the familiar litany that an interrogatory or a document production request is overly broad, burdensome, oppressive and irrelevant."  *Drippe v.*

*Gototweski*, No. CV 3:06-1096, 2007 WL 9658095, at *2 (M.D. Pa. Nov. 14, 2007)

(internal quotation marks and citations omitted).

Plaintiffs will be severely prejudiced if Defendant fails to provide full, complete, and responsive answers to these outstanding discovery requests, which were served over two months ago.  Plaintiffs need this discovery to start taking depositions and prepare this case for trial.  Plaintiffs therefore request that this Court compel a full and complete response to Plaintiffs' Interrogatories and Request for Production of Documents dated August 3, 2023 within the next five (5) days.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an Order in the form attached hereto, compelling Defendant Henry Lindner, M.D. to provide full and complete answers to Plaintiffs' Interrogatories and Requests for Production of Documents dated August 3, 2023 within (5) days as set forth in the proposed form of Order attached hereto.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

BY: *Conor Lamb*
_____
SHANIN SPECTER, ESQUIRE
CONOR LAMB, ESQUIRE
1525 Locust Street, Nineteenth Floor
Philadelphia, PA  19102
215-772-1000

Date:  10/24/2023                                              *Attorneys for Plaintiffs*