# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| STACEY WOLKING and DARYL WOLKING, W/H | : | |
| Plaintiffs, | : | Civil Action # 3:23-cv-00806-JFS |
| vs. | : | |
| HENRY LINDNER, M.D., AND YOUNGS APOTHECARY, INC. D/B/A TUNKHANNOCK COMPOUNDING CENTER | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**PLAINTIFFS' INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
ADDRESSED TO DEFENDANT, YOUNGS APOTHECARY, INC.,
D/B/A TUNKHANNOCK COMPOUNDING CENTER**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and Local

Civil Rules 5.4 and 26.2 of the Local Rules of the United States District Court for

the Middle District of Pennsylvania, Plaintiffs, Stacey and Daryl Wolking, by their

attorneys, hereby request that Defendant Youngs Apothecary, Inc., d/b/a

Tunkhannock Compounding Center (hereafter "Tunkhannock Compounding

Center" or "TCC"): (a) answer the following interrogatories separately and fully, in

writing, under oath; and (b) produce the documents requested herein at the offices

1

of Kline & Specter, P.C., 1525 Locust Street, Nineteenth Floor, Philadelphia, PA 19102, within thirty (30) days of the service of these requests.[1]

## **DEFINITIONS**

1.      "Plaintiffs," unless otherwise stated, shall mean Stacey and Daryl Wolking.

2.      "Complaint" shall mean Plaintiffs' Complaint and any amended versions thereof filed in the above-captioned action.

3.      "Any" or "All" shall each by understood to mean "any and all."

4.      "Defendant," "Tunkhannock Compounding Center," "TCC," "you," and "your" shall mean Defendant Tunkhannock Compounding Center and shall include its office and employees.

5.      "Including" or any derivative thereof means including, but not limited to, the requested item(s).

6.      "Employee" means any person, including any independent contractors or agents, past and present directors, officers, agents, representatives, accountants, advisors, or consultants, who acted or purposed to act on Defendant's behalf or who

---

[1] To the extent these requests are served pursuant to Federal Rule of Civil Procedure 26(d)(2), please respond within thirty (30) days of the first Rule 26(f) conference.  *See* Fed. R. Civ. P. 34(b)(2)(A); *see also* Fed. R. Civ. P. 26(d)(2) ("Early Rule 34 Requests").

performed any service for Defendant or under Defendant's name, whether on a full-time, part-time, commission, or other basis, and whether paid or unpaid.

## INSTRUCTIONS

7.      Unless otherwise specified in particular discovery requests below, these requests require production of all documents and information that are responsive to the requests and interrogatories below.

8.      Each interrogatory and each subpart of each interrogatory shall be accorded a separate answer.  Each answer shall first set forth verbatim the interrogatory to which it is responsive.  Interrogatories or subparts thereof shall not be combined for the purpose of supplying a common answer.  The answer to an interrogatory or a subpart should not be supplied by referring to the answer to another interrogatory or subpart unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart being answered.

9.      Each document request requires a written response.  Each response should first set forth verbatim the request to which it is responsive.  Each response to a document request should identify the documents that are responsive to the request.

10.      In responding to these document requests, Defendant shall produce all responsive documents and tangible things which are in Defendants' possession,

custody, or control, or in the possession, custody, or control of Defendant's attorneys, agents, accountants, advisors, or other representatives.  A document shall be deemed to be within Defendant's control if Defendant has the right to secure the document or a copy of the document from another person having possession or custody of the document, or if the document is deemed to be within Defendant's control under applicable law.

11.    Pursuant to the Federal Rules of Civil Procedure, Defendant shall produce documents as they are kept in the usual course of business, or Defendant shall organize and label responsive documents to correspond with the categories in these requests.

12.    Each responsive document shall be produced in its entirety, without deletion or exclusion, along with any attachments, drafts, and non-identical copies, including copies that differ by virtue of handwritten or other notes or markings.  If a document responsive to a particular document request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.  Documents contained in file folders, loose-leaf binders, and notebooks with tabs or labels identifying such documents are to be produced intact, together with such file folders, loose-leaf binders or notebooks.  All labels identifying such documents, files, folders, or binders shall be copied. Documents that are physically or electronically attached to each other shall be left

so attached and produced fully without redaction.  The word "document" as used herein also includes emails, cards, magnetic tapes, discs, hard drives, databases, metadata, or other electronic information storage articles for use in computers or that can be extracted or assembled with the use of a computer or computer accessories.

13.    In objecting to any discovery request herein, Defendant shall identify the specific grounds for the objection, and shall state which documents or information will be withheld and which documents or information will be produced notwithstanding such objections.  If Defendant objects to part of any request herein, Defendant shall specify in the objection the part of the request objected to, and shall produce all documents or information responsive to the remainder of the request.  If Defendant objects to any discovery request on the ground that it seeks information protected by the attorney-client privilege, work product doctrine, or any other asserted privilege, Defendant must provide all information required by Federal Rule of Civil Procedure 26(b)(5)(A).

14.    If in response to a particular discovery request, Defendant states that it is unable to comply with the request for any reason, Defendant must provide a statement (i) affirming that a diligent search and a reasonable inquiry has been made in an effort to comply with the request; (ii) specifying whether the inability to comply is because the requested document or information never existed, has been destroyed, has been lost, misplaced, or stolen, or has been, or is no longer, in

Defendant's possession, custody, or control; and, with respect to documents, (iii) furnish a list specifying each such document and setting forth (a) the type of document; (b) the general subject matter of the document; (c) the date of the document; (d) the name(s) and address(es) of each person known or believed to have had possession, custody, or control of that document; and (e) the manner in which it was disposed by Defendant, including the date of disposal, the reason for disposal, the person authorizing the disposal, and the person(s) who disposed of the document.

15.    If there are no documents or information responsive to any particular request, Defendants shall so state in writing.

16.    When the word "identify" is used when referring to a person or persons, Defendant is required to provide the following information, as though the list set forth below is incorporated each time the word "identify" appears: (a) the person's full name; (b) the person's present or last known home address; (c) the person's present or last known employer and job classification and address of said employer; (d) the person's position/title; (e) the person's length of employment; and (f) the person's job description or responsibilities.

17.    When the word "identify" is used when referring to a business, institution, or other entity, you are required to supply the following information as if the list set forth below is incorporated each time the word "identify" appears: (a) the business, institution, or other entity's full name; (b) the business, institution, or other

entity's address at the time of the event referred to in these interrogatories; (c) the business, institution, or other entity's present address; and (d) the purpose of the business, institution, or other entity.

18.    The word "corticosteroids" includes but is not limited to drugs such as prednisone, dexamethasone, and hydrocortisone.

19.    The word "antimicrobials" includes but is not limited to drugs such as azithromycin, atovaquone, and tafenoquine.

20.    Pursuant to Federal Rule of Civil Procedure 26(e)(1), these discovery requests are continuing in character.  You are thus required to supplement your responses and/or to produce for inspection and copying any documents or things not previously produced which you may from time to time obtain, locate, identify, or acquire the ability to produce.  This obligation continues after the close of discovery.

## **INTERROGATORIES**

1.    Prior to answering these interrogatories and requests, did you make a diligent search of all documents related to this action and the subject premises as well as a diligent inquiry of all employees and agents in order to obtain all information available in this action?  Identify the full name and job title of the employee(s) who conducted the diligent search and inquiry.

    **RESPONSE:**

2.      Please state the full name, current complete address, telephone number, position, and capacity or job title of each person who assisted in answering these interrogatories on behalf of Tunkhannock Compounding Center.

**RESPONSE:**

3.      Identify any policy (or policies) of liability insurance (including excess liability insurance) that cover occurrences of the nature alleged by Plaintiffs, including the name of each insured (whether it be Tunkhannock Compounding Center or a related corporate entity, or any individual pharmacist employment by Tunkhannock Compounding Center), the name of the carrier(s) and policy number, the period of the policy, the amount of coverage provided by the policy, whether or not you are being defended pursuant to the provisions of such insurance policy (or policies), whether the defense is being provided under  any type of reservation of rights, and whether or not your consent is required to settle the claims.

**RESPONSE:**

4.      Please identify the employment and/or agency relationship between Tunkhannock Compounding Center and Courtney Young.

**RESPONSE:**

5.     Please identify any and all owners, investors, and/or partners of Tunkhannock Compounding Center since 2013 and describe any transactions that affected its ownership since 2013.

**RESPONSE:**

6.     Please identify the pharmacists who worked at Tunkhannock Compounding Center from January 1, 2021 to the present day, the jurisdictions in which they are or ever have been professionally licensed, the inclusive dates of their licensure in each, their license number(s), and whether their license has ever been suspended, revoked, or otherwise placed in a status that limited their professional practice.

**RESPONSE:**

7.      If Tunkhannock Compounding Center has ever been a defendant in a malpractice suit other than the present one, please identify the case by name, court, and trial docket number, indicate the substance of any allegations and state the outcome of the case including the terms of any settlement.

**RESPONSE:**

8.      If Courtney Young or any pharmacist employed by Tunkhannock Compounding Center has been subject to pharmacist-related disciplinary action, please describe the nature of the disciplinary proceedings and the dates and parties involved.

**RESPONSE:**

9.      Please describe Tunkhannock Compounding Center's property interest in 230 West Tioga Street in Tunkhannock, Pennsylvania; specifically whether Tunkhannock Compounding Center rents, leases, or owns the office; how long it have done so; and if it does not own the building, who does.

**RESPONSE:**

10.    Please describe any legal relationship and/or financial interest that exists between the Tunkhannock Compounding Center, Henry Lindner, and/or Courtney Young, including whether Henry Lindner is a tenant of Tunkhannock Compounding Center and/or Courtney Young, and if so, how long that relationship has lasted.

**RESPONSE:**

11.    How long have Henry Lindner's patients been filling their prescriptions at Tunkhannock Compounding Center?

**RESPONSE:**

12.    Please describe the prescriptions written by Henry Lindner which were filled at Tunkhannock Compounding Center in 2020, 2021, and 2022: the total number, the drug types and dosages, and the amount billed and earned by Tunkhannock Compounding Center as a result of these prescriptions.

**RESPONSE:**

13.     Please describe any occasion on which personnel of the Tunkhannock Compounding Center questioned, challenged, verified, refused to fill, or asked for more information about a prescription written by Henry Lindner; for each occasion, please describe the personnel involved, the dates, the prescriptions at issue, and whether there are any written or electronic communications describing or related to the occasion.

**RESPONSE:**

14.     Please identify and describe any policies that exist or have existed at Tunkhannock Compounding Center concerning whether a pharmacist should ever question, challenge, verify, refuse to fill, or ask for more information about a prescription, whether by contacting the prescribing physician or by some other means; and please state when that policy came into effect and by what means it was made known to personnel at Tunkhannock Compounding Center.

**RESPONSE:**

15.    Please describe whether Tunkhannock Compounding Center changed or established any policies as a result of or in connection with (to any degree) the events alleged in this lawsuit, and if so, describe the changes and/or new policies.

**RESPONSE:**

16.    Please describe any system in place that alerted pharmacists at Tunkhannock Compounding Center to prescriptions that could potentially pose a danger to a patient, whether because of the dosage prescribed or any other reason.

**RESPONSE:**

17.    Please identify any reference works or other sources checked by pharmacists at Tunkhannock Compounding Center to determine the maximum safe dosages of corticosteroids and/or antimicrobials and the possible side effects of these medications.

**RESPONSE:**

18.    Please identify all persons having information relating to the claims set forth by Plaintiffs, including the pharmacists and/or other employees who participated in filling Stacey Wolking's prescriptions, and with respect to each such person, an accurate summary of the information.

**RESPONSE:**

19.    Please describe the substance, dates, and participants of any oral conversations between personnel of Tunkhannock Compounding Center and Henry Lindner and/or his employees concerning Stacey Wolking and/or her prescriptions.

**RESPONSE:**

20.    Please identify any materials that accompanied the pill bottles sent to Stacey Wolking as part of filling her prescriptions, including the verbatim writing on any labels, the description provided of each drug and the daily dosage, and any warnings or educational material.

**RESPONSE:**

21.     Please state whether anyone at Tunkhannock Compounding Center, or anyone acting on their behalf, or the representatives of any company providing liability insurance to Tunkhannock Compounding Center, conducted any investigation into the filling and dispensing of the prescriptions that are the subject of this lawsuit, and whether they interviewed any person and/or obtained from any person any statement and/or wrote any findings or report concerning this action or its subject matter.  If so, please produce those documents, and for each one, whether or not a claim of privilege or protection is made, provide: (a) the name and last known address of each person from whom such a statement was obtained; (b) when, where, by whom, and to whom each statement was made, and whether it was reduced to writing or otherwise recorded; and (c) the name and address of any person who has custody of such statements or other documents that were reduced to writing or otherwise recorded.

**RESPONSE:**

22.     If it is your contention that Plaintiffs' injuries were caused in whole or in part by some person or persons other than yourself, please identify each such

person fully, giving such person's name, occupation, title, address, and professional relationship to you, if any.

**RESPONSE:**

23.    If you deny you are negligent, what specific facts and law support the basis of the denial?

**RESPONSE:**

24.    Please identify any person that Tunkhannock Compounding Center expects to call as an expert witness at trial.

**RESPONSE:**

25.    State whether any information or documents responsive to these Interrogatories and Document Requests has been withheld on the basis of any form of privilege and, if so, provide all information as directed by Paragraph 13 above with respect to each such piece of information or document which has been withheld.

16

**RESPONSE:**

## REQUESTS FOR PRODUCTION

1.      Any and all documents relied upon to respond to the above Interrogatories.

2.      Any and all documents identified in your Rule 26 disclosures.  *See* Fed. R. Civ. P. 26(a)(1).

3.      Any and all documents, data, communications, and audio or video recordings concerning or related to Plaintiffs, including records of bills and screenshots or other records of the clinical decision support audit trail for Stacey's prescriptions, her demographic screens, any patient education materials provided to Stacey Wolking, and documentation of any communications with her or Daryl, including any patient counseling performed.

4.      Any and all documents, communications, and audio or video recordings, and/or other evidence produced by you in connection with the investigation (whether internal or external) by any third party of your treatment of Stacey Wolking and/or any other patient to whom you dispensed corticosteroids and/or any prescription written by Henry Lindner.

5.    Please produce full and complete copies of any and all occurrence reports and/or incident reports related to this case.

6.    The personnel file of any employee who participated in filling Stacey Wolking's prescriptions.

7.    Any and all communications between you and Henry Lindner, or any of his employees.

8.    Any and all communications concerning an occasion when a pharmacist or other employee of Tunkhannock Compounding Center questioned, challenged, verified, refused to fill, or asked for more information about a prescription written by Henry Lindner, whether by contacting the prescribing him or by some other means.

9.    Any and all documents and/or communications concerning any legal relationship between you, Henry Lindner, and/or Courtney Young.

10.    Any and all manuals, policies, procedures, and materials in effect at the time of the filling and dispensing of the prescriptions that are the subject of this lawsuit that in any way relate to filling prescriptions.

11.    Any and all documents, data, and communications about any systems that alerted pharmacists at Tunkhannock Compounding Center to prescriptions that could potentially pose a danger to a patient, whether because of the dosage prescribed or any other reason.

12.    To the extent not covered by the above requests, any and all training materials provided to your employees concerning the filling of prescriptions and/or concerning corticosteroids, antimicrobial medications, babesia, and/or babesiosis.

13.    To the extent not covered by the above requests, any and all documents that Defendant intends to rely upon to dispute the facts alleged by Plaintiffs in the Complaint or to support the defenses put forth by Defendant.

**KLINE & SPECTER, P.C.**

By:    *Conor Lamb*
_____
SHANIN SPECTER, ESQUIRE
PA Attorney I.D. No. 40928
CONOR LAMB, ESQUIRE
PA Attorney I.D. No. 304874
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
Telephone:215-772-1000/Fax:215-402-2359
Shanin.Specter@klinespecter.com
Conor.Lamb@klinespecter.com

*Attorneys for Plaintiffs*

Date:  August 3, 2023

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 3rd day of August, 2023, Plaintiffs' Interrogatories and Requests for Production of Documents Addressed to Defendant Henry Lindner, M.D. pursuant to Fed. R. Civ. P. 26(a)(1)(A) were served via email upon all counsel and parties of record.

*Conor Lamb*
_____
CONOR LAMB, ESQUIRE
*Attorneys for Plaintiffs*