**KLINE & SPECTER** PC

**ATTORNEYS AT LAW**

**1525 LOCUST STREET**

**PHILADELPHIA, PENNSYLVANIA 19102**

**WWW.KLINESPECTER.COM**

CONOR LAMB                  ------------                  CONOR.LAMB@KLINESPECTER.COM

**(215) 772-1000**

**DIRECT DIAL: (215) 792-5573**

**FAX: (215) 402-2359**

April 8, 2024

Honorable Malachy E. Mannion
United States District Court
For the Middle District of Pennsylvania
William J. Nealon Federal Building & U.S. Courthouse
235 N. Washington Avenue
Scranton, PA 18503

    Re:  Wolking, et al v. Linder, et al, 3:23-cv-00806-MEM

Dear Judge Mannion,

        On December 21, 2023, Plaintiffs wrote to you concerning the potential impact of the death of Valerie Lindner on discovery in this case.  For the reasons explained below, Plaintiffs now seek to compel discovery related to Valerie Lindner and other Tunkhannock Compounding Center ("TCC") patients.  Plaintiffs and TCC have conferred about this issue, but have been unable to resolve it.  Fact discovery ends on April 12, 2024.

        It is now clear that Valerie Lindner received massive corticosteroid prescriptions from TCC, and that Dr. Lindner told TCC's owner that Valerie was taking 1,000 mg or more of prednisone per day.  (Feb. 21, 2024 Lindner Dep. Tr. at 286-88, 305.) Conversations about Valerie Lindner between Dr. Linder and TCC pharmacists formed the basis for TCC's understanding of his approach to babesiosis and corticosteroids.  (*Id*.)

        The significance of these conversations is that, once TCC pharmacists accepted Dr. Lindner's explanations with respect to Valerie Lindner, they extended the same rationale to Ms. Wolking.  TCC owed a separate legal duty to Ms. Wolking, however, which was to question or notify Dr. Lindner about obvious inadequacies on the face of her corticosteroid prescriptions, without reference to other patients.  *See Riff v. Morgan Pharmacy*, 508 A.2d 1247, 1252 (Pa. Super. Ct. 1986).

        Dr. Lindner testified that he did not recall speaking to TCC pharmacists about Stacey Wolking specifically.  (*Id*. at 298.)  Although Courtney Young claims that she did speak to Dr. Lindner about Ms. Wolking, she recalls very few details about the conversation, and

does not know when it took place.  (Nov. 15, 2023 Young Tr. at 75-76.)  The pharmacist who actually dispensed three of the four prescriptions, Brian Bryk, does not remember speaking to Dr. Lindner about Ms. Wolking.  (Feb. 2, 2024 Bryk Dep. Tr. at 12.)

Plaintiffs contend that TCC never fulfilled its duty with respect to Ms. Wolking. The evidence cited above supports this theory, but Plaintiffs also need to see the earlier corticosteroid prescriptions dispensed by TCC and written by Dr. Lindner.  If they are similarly large, and track the timeline that Dr. Lindner described with respect to his daughter, they will corroborate Dr. Lindner's testimony and show that TCC became habituated to dispensing these prescriptions before giving them to Ms. Wolking.

Accordingly, Plaintiffs have requested information from TCC about Dr. Lindner's corticosteroid prescriptions from 2020 to 2022, including those dispensed to Valerie Lindner.  (*See* Ex. A, Interrogatory #12; Ex. B, Requests 1-2 and 4-6; Ex. C, Items d, e, l, m, and n).  Plaintiffs have also sought any communications between Dr. Lindner and TCC with respect to corticosteroids and babesiosis, regardless of whether they relate to Ms. Wolking or other patient. (*See* Ex. C Items j and k.)

TCC has objected to these requests, and raised similar objections during the recent 30(b)(6) deposition.  Courtney Young explained during this deposition that she recently performed a search for some of this information, but she did not produce the search results themselves, and her answers about what they showed were inexact.  Plaintiffs need to see the search results directly, in addition to the other requested information.  While these requests may implicate consideration of HIPAA, Plaintiffs contend that Dr. Lindner has plainly waived HIPAA with respect to at least some of Valerie Lindner's information, because he testified extensively about it.  Other patients' information could be anonymized.

One other matter from the recent 30(b)(6) deposition requires judicial intervention. Courtney Young testified that TCC has a "patient profile" for Ms. Wolking in its computer system.  That "patient profile" has never been turned over, even though Plaintiffs requested "data . . . concerning or related to Plaintiffs" in their first set of document requests. Plaintiffs again requested this information after the deposition, but TCC did not respond.

For all of these reasons, Plaintiffs request a phone conference.

Very truly yours,

*Conor Lamb*

CONOR LAMB

CL/rsp
Enclosures
cc: All Counsel of Record