UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACEY WOLKING and DARYL WOLKING, H/W | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :    Civil No. 3:23-cv-00806-MEM <br> : |
| HENRY LINDNER, M.D. and YOUNGS APOTHECARY, INC., d/b/a Tunkhannock Compounding Center | : <br> : <br> : |
| Defendants. | : <br> : |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT YOUNGS APOTHECARY'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Stacey and Daryl Wolking, by and through their undersigned counsel, respectfully request that this Honorable Court deny the partial motion of Defendant Youngs Apothecary, Inc., d/b/a Tunkhannock Compounding Center ("TCC"), and state as follows:

**I.     PROCEDURAL HISTORY**

Plaintiffs filed their Complaint on May 16, 2023. On June 20, 2023, Defendant moved to dismiss the recklessness language in two paragraphs of the Complaint. The Court denied the motion on January 8, 2024, because that language is not a "claim" subject to dismissal. *See* Dkt. 32 at 14-15.

1

## II.     COUNTER-STATEMENT OF FACTS

Plaintiffs dispute most of the facts contained in Defendant's statement under Local Rule 56.1.  For some reason, Defendant filed identical statements for both of its motions, but different sets of exhibits.  The statements only cite the set of exhibits filed with Defendant's motion concerning duty and breach.  Accordingly, Plaintiffs cited that same set of exhibits, and filed identical statements with both motion responses, in order to remain congruent with Defendant's filings.

## III.    COUNTER-STATEMENT OF QUESTIONS INVOLVED

1. Can Defendant use a summary judgment motion to revive a previously-rejected motion, without identifying anything in the record to justify reconsideration?

    Suggested answer: No.

2. Did Defendant carry its burden to identify places in the record that prove there is no genuine material factual dispute?

    Suggested answer: No.

## IV.    LEGAL STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure allows a party to move for summary judgment on a "claim" or part of a "claim."  The moving party carries the burden "to affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact." *L.H. v. Pittston Area Sch. Dist.*, 130 F. Supp. 3d 918, 923 (M.D. Pa. 2015), *aff'd*, 666 F. App'x 213 (3d Cir. 2016).  In

particular, the moving party "must" support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A).

V.   **ARGUMENT**

Here, Defendant identifies no "claim" on which it seeks summary judgment, only language from two paragraphs in the remedial section of the Complaint. This Court already rejected Defendant's attempt to characterize such language as a claim. *See* Dkt. 32 at 14-15 (citing *Castelli-Velez v. Moroney*, No. 3:20-CV-00976, 2021 WL 978814, at *3 (M.D. Pa. Mar. 16, 2021)). Numerous courts have agreed. *See Lima v. Newark Police Dep't*, 658 F.3d 324, 332 (3d Cir. 2011) (noting complaint's "Prayer for Relief" section was not "a particular claim or count"); *Onely v. Redner's Markets, Inc.*, No. CV 21-4785, 2022 WL 1773606, at *6 (E.D. Pa. June 1, 2022); *AG Spectrum Co. v. Elder*, 181 F. Supp. 3d 615, 617 (S.D. Iowa 2016) (collecting cases). Defendant has not identified any compelling reason why the Court's ruling should be reconsidered.[1]

Second, the motion should be denied because Defendant did not satisfy its basic summary judgment burden. Defendant's brief does not cite to any portion of

---

[1] Motions to strike are also "disfavored" and require a showing of prejudice. *See Gould v. EEG, Inc.*, No. CV 3:17-77, 2018 WL 11436297, at *1 (M.D. Pa. Sept. 20, 2018). Defendant made no effort to show any prejudice here.

the record at all. To the extent that Defendant attempted to incorporate another summary judgment brief, such incorporation violates Local Rule 7.8(a) and should be rejected.

## VI.   CONCLUSION

Defendant's motion seeks to revive previously-rejected claims, and does so without any citations to the record. For all of the reasons stated herein, Defendant's motion should be denied.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

BY: *Conor Lamb*
SHANIN SPECTER, ESQUIRE
PA Attorney I.D. No. 40928
CONOR LAMB, ESQUIRE
PA Attorney I.D. No. 304874
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
Telephone: (215) 772-1000
Facsimile: (215) 402-2359
Shanin.Specter@klinespecter.com
Conor.Lamb@klinespecter.com

## **CERTIFICATE OF SERVICE**

I, Conor Lamb, Esquire, hereby certify that I served a true and correct copy of the foregoing Plaintiffs' Brief in Opposition to Defendant, Youngs Apothecary, Inc.'s Partial Motion for Summary Judgment via electronic service with the Clerk's E-file system on the 19th day of July, 2024, upon all counsel of record.

*Conor Lamb*
CONOR LAMB