# EXHIBIT H

Thomas Johns, Pharm.D.
5902 NW 72nd Street, Gainesville, Florida 32653
Phone: 352-219-9567
johtho@shands.ufl.edu

---

June 10, 2024

Conor Lamb, Esquire
Kline & Specter, PC
1525 Locust Street, 19th Floor
Philadelphia, PA 19102

Re: Wolking v. Lindner MD, and Youngs Apothecary, Inc. d/b/a Tunkhannock Compounding Center

Dear Mr. Lamb,

Please accept this supplemental report in the above referenced case.

I would like to correct an error in my original report dated April 18, 2024. On page 2 of the report the total quantity of Rx #156272 dispensed on October 5 was #100. The correct amount dispensed for this prescription was #200.

During my deposition I was asked about the duty of a pharmacist in a variety of practice locations, including corporate retail pharmacies such as CVS and Walgreens, supermarket pharmacies such as Publix, independently owned retail pharmacies, compounding pharmacies, and hospital pharmacies. Under the circumstances of this case, it's important to emphasize the duty of the pharmacist, regardless of the practice location, is the same.

The duty of the pharmacist to conduct a prospective drug review is required in all pharmacy practice locations when reviewing and subsequently dispensing medication orders and prescriptions. While technologies exist to aid pharmacists in performing this duty, the absence of these technologies does not absolve the pharmacist from this duty.

There are multiple factors important to assessing whether a prescription is reasonable on its face. These may include instructions to the patient, dosage, total quantity dispensed, and any therapeutic duplication. In addition, information known about the patient is instrumental in making this determination.

The initial dosing recommendation for corticosteroids contained in the official FDA approved product labeling provides a useful benchmark when it comes to evaluating the reasonableness of the prescription. Pharmacists should consider the initial dosing recommendation as part of their assessment whether the prescription is reasonable and whether they need to conduct further investigation, even if a patient has taken the drug before.

Defense pharmacist expert, Joy Greene, PharmD, provided a written report dated May 17, 2024. Dr. Greene made repeated statements related to the rarity of the condition Chronic Babesiosis. In making these statements, it's clear Dr. Greene supports the claim that Chronic Babesiosis is a legitimate medical condition, as proposed by Dr. Lindner. A fundamental tenant of the pharmacy profession is to follow evidenced-based medicine practices. Since Chronic Babesiosis is not a medical condition recognized by the medical community, including CDC and IDSA, Dr. Greene's basis of her opinion is flawed. Dr. Greene also states Pharmacist Young and Pharmacist Bryk trusted Dr. Lindner's clinical judgement, and based on that trust, it was reasonable to dispense the corticosteroid prescriptions to Ms. Wolking despite the excessive doses. While trust may be an important factor in a provider-pharmacist relationship, it is not a substitute for the pharmacist to use care to ensure prescriptions are dispensed in accordance with established standards. The duty of a pharmacist is independent of the prescribing provider. In this case, the Pharmacist Young and Pharmacist Bryk should have conducted an independent investigation into the appropriateness of dispensing corticosteroids to Ms. Wolking.

I reserve the right to amend these opinions if more information becomes available.

Respectfully submitted,

Thomas Johns, Pharm.D.
Associate Vice President, Operations
University of Florida Health
Clinical Associate Professor
Department of Pharmaceutical Outcomes and Policy
University of Florida College of Pharmacy