UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACEY WOLKING and DARYL WOLKING, H/W : | Civil No. 3:23-cv-00806-JFS |
| Plaintiffs : | |
| v. : | JURY TRIAL DEMANDED |
| HENRY LINDNER, M.D. and YOUNGS APOTHECARY, INC., d/b/a Tunkhannock Compounding Center : | |
| Defendants : | |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION *IN LIMINE* SEEKING JUDICIAL NOTICE OF THE DEFINITION OF BABESIOSIS AND ITS STANDARD DIAGNOSIS AND TREATMENT**

Plaintiffs, Stacey and Daryl Wolking, by and through their undersigned counsel, respectfully submit this brief in support of their motion *in limine* seeking judicial notice of certain facts concerning babesiosis.

## I.     PROCEDURAL HISTORY

Plaintiffs filed the Complaint in this case on May 16, 2023. Two of the six counts named Defendant Youngs Apothecary, Inc., doing business as Tunkhannock Compounding Center ("TCC"): Count Five alleged negligence, and Count Six alleged loss of consortium. The case was initially assigned to Judge Mannion.

1

In August 2024, Judge Mannion ruled on two summary judgment motions filed by TCC, denying the more comprehensive motion because Plaintiffs had established a genuine dispute of material fact concerning whether TCC breached its duty to Ms. Wolking. *See* Doc. 62 at 11-18. The case was then transferred to this Court, which scheduled a trial to begin on April 28, 2025, and established March 28, 2025 as the deadline for motions *in limine* and jury instructions. *See* Doc. 71.

## II.   STATEMENT OF FACTS

This case involves the decisions of two TCC pharmacists – Brian Bryk and Courtney Young – to dispense massive quantities of prednisone and dexamethasone to Plaintiff Stacey Wolking ("Ms. Wolking"), which perforated her bowel, nearly caused her death, and inflicted the tremendous pain and suffering alleged in the Complaint.

The drugs at issue were prescribed by Dr. Henry Lindner, who directed Ms. Wolking to take them because of the inflammatory effect of antimalarial drugs that Lindner had also prescribed. Lindner prescribed the antimalarials after diagnosing Ms. Wolking with "chronic babesiosis," a condition he claims to have discovered, and which he believed required a novel treatment regimen.

The Centers for Disease Control and Prevention ("CDC") does not define babesiosis as a chronic disease. Instead, the CDC describes babesiosis as an acute disease caused by microscopic parasites that infect red blood cells, and the disease

is usually spread by blacklegged or deer ticks in the United States. *See* Ex. A. When doctors are considering a diagnosis of babesiosis, they should explicitly request a manual review of a peripheral blood smear. *See* Ex. B. The standard treatment for babesiosis is a 7-10 day course of two prescription medications, either atovaquone plus azithromycin, or clindamycin plus quinine. *See* Ex. C.

In this case, TCC did not dispense any of the medications listed in the previous paragraph to Ms. Wolking. Instead, they dispensed massive quantities of corticosteroids, under the claimed belief that these drugs were part of Lindner's treatment plan for babesiosis.

### III.   QUESTIONS PRESENTED

Should the Court take judicial notice of the definition of babesiosis and its standard diagnosis and treatment?

**Suggested Answer**:           Yes.

### IV.   ARGUMENT

The Court should take judicial notice of the facts described above because they are "not subject to reasonable dispute" under Federal Rule of Evidence 201. The Third Circuit has found that information is not subject to reasonable dispute when it is found on government websites. *Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017). With respect to the CDC's website, courts in this circuit have taken judicial notice of basic facts about diseases. *See, e.g.*, *Abadi v. Target Corp.*, No. 23-2892, 2024 WL 1715403, at *2 n.1 (3d Cir. Apr. 22, 2024)

3

(taking notice of facts about transmissibility of COVID-19); *Perez v. Wetzel*, No. CV 22-493, 2022 WL 1607454, at *2 (E.D. Pa. May 20, 2022) (taking notice of COVID-19 treatment protocols); *Matias v. Terrapin House, Inc.*, No. 5:21-CV-02288, 2021 WL 4206759, at *5 (E.D. Pa. Sept. 16, 2021) (taking notice of symptoms of COVID-19). Courts outside of this circuit have done the same, including in the highly analogous case of a dispute over Lyme disease. *See Gent v. CUNA Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010); *see also Dubrin v. Cnty. of San Bernardino*, No. EDCV 15-589 CJC(JC), 2017 WL 8940181, at *21 n.14 (C.D. Cal. Sept. 7, 2017) (collecting cases showing various aspects of CDC website not subject to reasonable dispute), *report and recommendation adopted*, No. EDCV 15-589 CJC(JC), 2017 WL 4339645 (C.D. Cal. Sept. 29, 2017).

The facts about babesiosis described above are free from reasonable dispute, not only because they were published by the CDC, but also because they were not disputed by TCC's experts. TCC's infectious disease expert specifically testified that "chronic babesiosis" – the form of babesiosis that Lindner claims to have discovered, and which he argued required a different treatment regimen than what the CDC recommended – was not recognized in the medical community. *See* Ex. D at 22-23. Accordingly, there is no reasonable dispute here and this Court has been "supplied with the necessary information" for it to take judicial notice of these facts under Rule 201.

## V. CONCLUSION

For the reasons stated herein, Plaintiffs ask the Court to take judicial notice of the following facts:

- Babesiosis is a disease caused by microscopic parasites that infect red blood cells, and the disease is usually spread by blacklegged or deer ticks in the United States.

- When doctors are considering a diagnosis of babesiosis, the CDC advises them to explicitly request a manual review of a peripheral blood smear.

- The standard treatment for babesiosis is a 7-10 day course of two prescription medications, either atovaquone plus azithromycin, or clindamycin plus quinine.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

BY: *Conor Lamb*
SHANIN SPECTER, ESQUIRE
PA Attorney I.D. No. 40928
CONOR LAMB, ESQUIRE
PA Attorney I.D. No. 304874
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
Telephone: (215) 772-1000
Facsimile: (215) 402-2359
Shanin.Specter@klinespecter.com
Conor.Lamb@klinespecter.com

Date: March 28, 2025