UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACEY WOLKING and DARYL WOLKING, H/W : | Civil No. 3:23-cv-00806-JFS |
| Plaintiffs : | |
| v. : | JURY TRIAL DEMANDED |
| HENRY LINDNER, M.D. and YOUNGS APOTHECARY, INC., d/b/a Tunkhannock Compounding Center : | |
| Defendants : | |

**PLAINTIFFS' MOTION *IN LIMINE*
TO PRECLUDE EVIDENCE AND ARGUMENT
CONCERNING HARRIS TEETER**

Plaintiffs, Stacey and Daryl Wolking, by and through their undersigned counsel, respectfully submit this brief in support of their motion *in limine* to preclude Defendant from attempting to reduce its liability by attributing some share of the cause and/or injuries to Harris Teeter.

1. This case involves the decisions of two TCC pharmacists – Brian Bryk and Courtney Young – to dispense massive quantities of prednisone and dexamethasone to Ms. Wolking, which perforated her bowel, nearly caused her death, and inflicted the tremendous pain and suffering alleged in the Complaint.

1

2. The drugs at issue were prescribed by Dr. Henry Lindner, who directed Ms. Wolking to take them in response to inflammation caused by antimalarial drugs that she was taking, also at Lindner's direction. Lindner prescribed the antimalarials after diagnosing Ms. Wolking with babesiosis. TCC did not dispense any antimalarials to Ms. Wolking. TCC did, however, dispense the massive quantities of corticosteroids set forth below, even though corticosteroids are not recommended or approved for the treatment of babesiosis.

3. At times during Ms. Wolking's treatment by Lindner, she would complain about how poorly she felt, and he directed her to increase her doses of corticosteroids. *See* Ex. C. Ms. Wolking filled the corticosteroid prescriptions written by Lindner at both TCC and at a Harris Teeter chain pharmacy closer to her home.

4. In the factual record of this case, there is expert testimony that it was negligent of TCC's pharmacists to dispense such a large quantity of corticosteroids in such a short period of time. There is no similar testimony with respect to Harris Teeter. TCC's expert pharmacist did not refer to Harris Teeter at all, and TCC never elicited an opinion about Harris Teeter's negligence from Plaintiffs' experts.

5. In a passing comment, TCC's infectious disease expert, Dr. Smith, raised a question about Harris Teeter in the following manner, but never answered it himself:

> None of plaintiff's experts is critical of Harris-Teeter Pharmacy. These experts do not explain why they are solely critical of TCC's handling of Dr. Lindner's prescriptions but not critical of Harris-Teeter's filling of similar/same prescriptions during this same period.

Ex. F at 14. This comment was not relevant to, or supportive of, the sole opinion contained in Dr. Smith's report: that tafenoquine, not corticosteroids, caused Ms. Wolking's bowel perforation. *Id*. at 19.

6. Any arguments TCC would make about Harris Teeter, or evidence it would offer, must be precluded as irrelevant because there is no medical evidence concerning the cause or negligence with respect to Harris Teeter.

WHEREFORE, for the reasons stated in the accompanying memorandum of law, Court should preclude evidence and Argument Concerning Harris Teeter.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

BY: *Conor Lamb*
SHANIN SPECTER, ESQUIRE
PA Attorney I.D. No. 40928
CONOR LAMB, ESQUIRE
PA Attorney I.D. No. 304874
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
Telephone: (215) 772-1000
Facsimile: (215) 402-2359
Shanin.Specter@klinespecter.com
Conor.Lamb@klinespecter.com

Date: March 28, 2025