UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACEY WOLKING, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:23-CV-806 |
| v. | (SAPORITO, J.) |
| HENRY LINDNER, M.D., et al, | |
| Defendants. | |

## MEMORANDUM

This is an action by the plaintiffs, Stacy and Daryl Wolking, against the defendant, Youngs Apothecary, Inc. d/b/a Tunkhannock Compounding Center ("TCC"), related to its dispensing of medical prescriptions to Ms. Wolking. Now, before the court is TCC's motion *in limine* for bifurcation of liability and damages at trial. (Doc. 87). The plaintiffs have timely filed a brief in opposition (Doc. 119), and on April 10, 2025, the Court heard oral arguments from both parties concerning the matter. It is now ripe for review.

### I.   Background

Because we write for the parties only, we shall briefly outline the factual history of this case. In 2022, the plaintiff was treated by defendant Henry Lindner, M.D. ("Dr. Lindner") for what he diagnosed as

"chronic babesiosis." At some point, Dr. Lindner prescribed steroids to Ms. Wolking for her condition between August through October of 2022. These steroids were dispensed by several pharmacies, including TCC. After taking the steroids for her treatment, Ms. Wolking began to progressively experience worsening abdominal pain, and in October of 2022, Ms. Wolking was transported to the emergency room for that pain. The emergency room found that she suffered from gastrointestinal perforations, and Ms. Wolking quickly underwent surgery to repair those perforations. She alleges these complications stemmed from the steroids prescribed by Dr. Lindner. She has additionally alleged that TCC breached its duty of care to the plaintiff when it negligently filled prescriptions for steroids that it knew, or should have known, were excessive, dangerous, and improper. TCC has filed this current motion to bifurcate the issue of liability and damages at trial on the basis that bifurcation would prevent prejudice and enhance judicial economy. The plaintiffs contend that bifurcation is unnecessary, and that TCC has failed to identify any prejudice requiring bifurcation.

## II. Legal Standard

Rule 42(b) of Federal Rules of Civil Procedure allows a court to

order a separate trial of one or more separate issues for convenience, to avoid prejudice, or to expedite and economize. Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."). "The court has wide latitude in deciding whether to sever and stay proceedings by weighing the competing interest of the parties and attempting to maintain a fair balance." *Griffith v. Allstate Ins. Co.*, 90 F. Supp. 3d 344, 346 (M.D. Pa. 2014). While bifurcation is "encouraged where experience has demonstrated its worth, … separation of issues for trial is not to be routinely ordered." *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978) (quoting Fed. R. Civ. P. 42(b) advisory committee note (1966)). In determining whether bifurcation is appropriate, the court considers four factors: (1) "whether the issues are significantly different from each other; (2) whether they require separate witnesses and documents; (3) whether the nonmoving party would be prejudiced by bifurcation; and (4) whether the moving party would be prejudiced if bifurcation is not granted." *Griffith*, 90 F. Supp. 3d at 346. Ultimately, the moving party bears the burden of demonstrating that bifurcation is appropriate. *See*

*id.*; *Reading Tube Corp. v. Emps. Ins. Of Wausau*, 944 F. Supp. 398, 404 (E.D. Pa. 1996).

### III. Discussion

The Third Circuit has recognized that in similar cases "bifurcating a trial into separate liability and damages sections is the exception, not the rule." *Sweigart v. Voyager Trucking Corp.*, No. 23-2397, 2024 WL 3565306, at *3 (3d Cir. July 29, 2024), *cert. denied sub nom. Patten v. Sweigart*, No. 24-585, 2025 WL 76499 (U.S. Jan. 13, 2024). After analyzing the record and weighing each party's contentions in this case, we find that TCC has failed to meet its burden in persuading us that bifurcation is needed.

Here, TCC does not address all four factors concerning bifurcation within its brief. It only argues that bifurcation is appropriate to avoid prejudice and to facilitate judicial economy. (Doc. 87, at 7). TCC does not articulate what prejudice it may suffer with a denial of its motion. Moreover, we find that its brief chiefly focuses on judicial economy, rather than prejudice. However, a request for a motion to bifurcate on the basis of judicial economy is not enough. Courts must consider four factors, not just one, when deciding whether to grant a motion to bifurcate. *See*

*Griffith*, 90 F. Supp. 3d at 346. Therefore, TCC has not met its burden.

After analyzing all four factors in light of the record, we find the plaintiffs' argument persuasive. First, the contested issues of liability and damages in this case are not significantly different. This case represents the majority of negligence cases where liability and damages are inherently intertwined. *See* (Doc. 119 at 5) ("[T]he question of liability depends upon the harm that the drugs can cause."). Due to that nature, both issues concern the use of similar evidence, witnesses, and documents. *See* (*Id.* at 6) (arguing that the trial concerns multiple overlapping documents and witnesses). Moreover, we find that bifurcation will unnecessarily prolong and complicate the judicial process, thereby inhibiting judicial economy. As we stated above, the evidence and arguments introduced by both parties are interlinked, and the separation of liability and damages risks further complicating the case for the jury. *See Robinson v. Nationwide Mut. Ins. Co.*, No. CIV.A. 12-5065, 2013 WL 686352, at *5 (E.D. Pa. Feb. 26, 2013) (quoting *Enzo Life Sciences, Inc. v. Digene Corp.*, No. CIV.A. 02-212, 2003 WL 21402512, at *4 (D. Del. June 10, 2003)) ("Courts, when exercising their broad discretion to bifurcate issues for trial under Rule 42(b), should consider

whether bifurcation will avoid prejudice, conserve judicial resources, and enhance juror comprehension of the issues presented in the case."). Therefore, in light of this analysis, we find that the record weighs against bifurcating the liability phase of the trial from the damages phase.

## IV. Conclusion

For these reasons, we will deny the TCC's motion to bifurcate the issues of liability and damages at trial.

An appropriate order follows.

Dated: April 14, 2025          *s/Joseph F. Saporito, Jr.*
                               JOSEPH F. SAPORITO, JR.
                               United States District Judge